IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| CHRISTOPHER GRAVES | § | |
|---|---|---|
| Plaintiff | § | CIVIL ACTION NO. 9:14cv49 |
| v. | § | JUDGE _____ |
| ETECH, INC., | § | |
| Defendant | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes now Plaintiff Christopher Graves who for his original complaint states as follows:

**I**

**Preliminary Statement**

1. Plaintiff Christopher Graves who was denied accommodation and ultimately terminated because he suffers from Asperger's Syndrome, commences this action pursuant to the *Americans with Disabilities Act*, 42 U.S.C. § 12101, *et seq.*, as amended (hereafter "ADA"), which in relevant part prohibits discrimination based on disability or perceived disability.

2. Additionally, Plaintiff Graves contends that he was ultimately terminated in retaliation for pursuing reasonable accommodation and opposing Defendant's discriminatory actions in violation of the ADA.

3. Plaintiff Graves seeks back-pay, reinstatement or front pay, restoration of lost benefits, compensatory damages and statutory attorney fees as authorized by 42 U.S.C. § 12117 which provides in relevant part that ADA victims shall have the same remedies available to Title VII victims.

## II

### Jurisdiction

4. Jurisdiction over Plaintiff Graves' ADA claims is conferred on this Court by 42 U.S.C. § 12117(a) which makes the federal court jurisdiction provided by 42 U.S.C. § 2000e-5(f)(3) applicable to ADA cases. This Court also has federal question jurisdiction over Plaintiff Graves's federal claims pursuant to 28 U.S.C. § 1331.

## III

### Parties

5. Plaintiff Christopher Graves is a citizen of the United States and a resident of Travis County, Texas. Plaintiff Graves was a resident of Nacogdoches County, Texas at all times relevant hereto.

6. Defendant Etech, Inc. is a corporation doing business in the Eastern District of Texas. Defendant Etech, Inc. may be served through its registered agent for process, Matthew F. Rocco, 1903 Berry Dr., Nacogdoches, TX 75964.

## IV

### Procedural History

7. Plaintiff Graves timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division. Plaintiff Graves received his Notice of Right to Sue (Conciliation Failure) after its mailing date of February 4, 2014. Plaintiff Graves has satisfied all other procedural prerequisites for filing suit.

V

**Facts**

Background

8.   Plaintiff Graves was at all times relevant hereto an "employee" as that term is defined by 42 U.S.C. § 12111(4) and a "qualified individual with a disability" as that term is defined by 42 U.S.C. § 12111(8).

9.   Defendant Etech, Inc. is and was at all times relevant hereto an "employer" as that term is defined under the ADA.  *See* 42 U.S.C. § 12111(5)(A).

10.   Defendant Etech, Inc. engaged in industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks during the current and preceding calendar years.

What Happened

11.   Plaintiff Graves is a twenty-eight year old male who suffers from Asperger's Syndrome.

12.   Plaintiff Graves has been diagnosed with Asperger's Syndrome since he was approximately 14 years old. This condition causes him to suffer from anxiety and stress, specifically interfering with Plaintiff Graves' ability to socialize and be around other people and interact appropriately.  Plaintiff Graves also suffers from Attention Deficit Disorder which affects his ability to concentrate and focus.

13.   Plaintiff Graves began working for Defendant Etech, Inc. as a customer service agent in approximately 2007.  In approximately 2008 or 2009, Plaintiff Graves was moved to Defendant Etech, Inc.'s chat service.

14.   During approximately 2009, Plaintiff Graves was one of a group of employees who began

working at home in order to free up space for a larger campaign. Plaintiff Graves performed well from home and found that the symptoms of his disabilities caused him less difficulty working in the home environment.

15.     In late, 2009 and early 2010, Defendant Etech, Inc. began moving all of its operations back into the office. The stress and close working conditions of the office aggravated Plaintiff Graves' condition. The over-stimulation and social anxieties that he had previously suffered all returned.

16.     In January or February, 2010, Plaintiff Graves requested that he be granted a reasonable accommodation for his disability. Specifically, Plaintiff Graves requested that he be allowed to go back to working from his home where he had previously performed at a high level. He also provided a note from his therapist.

17.     Plaintiff Graves requested such accommodation from his immediate supervisor, Lanickia Davis, as well as Manager Michael LaRocca. When they denied his request, he appealed to Human Resource Manager Dalia Tusa. She also denied the accommodation, stating that if she allowed him to work from home, others would want to as well – comparing him to a mother wanting to stay home with her children. In fact, she told Plaintiff Graves that he was fortunate to have a job.

18.     Plaintiff Graves continued to try to work through his anxiety and do his work. He often got headaches and knots in his stomach. Nevertheless, his sales remained good.

19.     Plaintiff Graves continued to go to his supervisor requesting help, but none was provided.

20.     Instead, Plaintiff Graves was given bogus discipline.

21.     Even so, on May 17, 2010, Plaintiff Graves was given a promotion to a new account on which he would make more money.

22.     On May 19, 2010, Plaintiff Graves was fired, allegedly for poor work performance.

23.  In reality, Plaintiff Graves had always done a good job for Defendant Etech, Inc. and had been a good employee.

24.  Plaintiff Graves was actually fired as a result of his disability and/or because Defendant Etech, Inc. perceived him to suffer from a disability

25.  Alternatively, Plaintiff Graves was retaliated against for opposing disability discrimination and continuing to request that he be granted reasonable accommodation.

26.  All of Defendant's acts and omissions as set out above were willful, wanton, reckless, intentional and malicious rendering appropriate the award of punitive damages.

## VI

## Cause of Action

27.  Defendant Etech, Inc.'s acts and omissions as set out above amount to intentional violations of the ADA.  Therefore, Plaintiff Graves is entitled to equitable relief (including back pay and front pay with benefits), compensatory damages, punitive damages, and a reasonable attorney fee as authorized by the ADA.

## VII

## Prayer for Relief

23.  WHEREFORE PLAINTIFF PRAYS THAT THIS HONORABLE COURT:

   a.  Enter declaratory judgment against Defendant Etech, Inc. and in favor of Plaintiff Graves recognizing that Defendant Etech, Inc. violated Plaintiff Graves's rights guaranteed by the *ADA*;

   b.  Enter judgment against Defendant and in favor of Plaintiff Graves for full compensatory damages;

   c.  Enter judgment against Defendant Etech, Inc. and in favor of Plaintiff Graves for equitable relief, including back pay, reinstatement, and/or front pay, including fringe benefits;

d. Enter judgment against Defendant Etech, Inc. for an amount of punitive damages sufficient to punish and deter them and to discourage such conduct toward Plaintiff Graves and/or others; and

e. Grant Plaintiff Graves any and all additional relief to which he appears to be entitled, including a reasonable attorney fee, costs herein expended, pre-judgment interest, and post-judgment interest as provided by law.

    Respectfully submitted,

    */s/ Alex A. Castetter*
    Alex A. Castetter
    Attorney for Plaintiff Graves
    Bar Card No. 00783808

    Stuckey, Garrigan & Castetter Law Offices
    2803 North St./P.O. Box 631902
    Nacogdoches, Texas 75963-1902
    (936) 560-6020 / Fax: 560-9578
    Alex@sgclaw.org